IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA GARDNER,　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　CIVIL ACTION FILE
v.　　　　　　　　　　　　　　　　)　NO. 1:20-cv-01843-WMR-RGV
　　　　　　　　　　　　　　　　　)
BANK OF AMERICA, N.A.,　　　　　　)
　　　Defendant.　　　　　　　　　　)
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Bank of America, N.A. ("BANA" or "Defendant") and files this memorandum in support of its filed Motion to Dismiss Plaintiff Lisa Gardner's First Amended Complaint Adding Claim for Transgression of the FCRA ("Amended Complaint") [Doc. 10] pursuant to Fed. R. Civ. P. 12(b)(6-7).

## I.    INTRODUCTION

Plaintiff Lisa Gardner's Amended Complaint is nothing more than a transparent attempt to avoid the effect of sworn statements both she and David Gardner made in conjunction with their bankruptcy filings. When viewed together, their contradictory positions in the completed bankruptcy and this case appear to be in furtherance of a scheme to defraud BANA out of the collateral they offered to secure the underlying loan. In essence, Plaintiff and "prior" plaintiff, David Gardner, are playing games with this Court by attempting to drop David Gardner as

a party to try and circumvent BANA's initial Motion to Dismiss. The improper dismissal of prior-plaintiff David Gardner is a disingenuous attempt to avoid the effects of his judicial admissions that the loan is secured by the 38 acre lot. Prior-plaintiff David Gardner's presence is required as a plaintiff in this case since he was a co-borrower on the loan and former co-owner of the 38 acre lot prior to the foreclosure sale.   In fact, Plaintiff even identifies "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case" in her Certificate of Interested Persons. [Doc. 13].

The Amended Complaint makes clear that Plaintiff and prior-plaintiff David Gardner voluntarily signed the security deed identify the loan collateral as the 38 acre lot, obtained the loan funds, admittedly defaulted on the loan, voluntary filed numerous bankruptcies identify the loan collateral as the 38 acre lot, then once facing eviction filed this frivolous lawsuit taking an inconsistent position that would prejudice BANA as to what land was intended to be the collateral for the loan. Plaintiff and prior-plaintiff David Gardner's actions establish that all of the facts and circumstances surrounding their statements and actions are calculated to make a mockery of the judicial system. This Amended Complaint, and the improper dismissal of prior-plaintiff David Gardner, continue to be a disingenuous attempt to

set aside a lawful foreclosure sale and reap a windfall of title to the 38 acres of land free and clear of any encumbrances.  Therefore, the Amended Complaint should be dismissed in its entirety with prejudice. *See* Fed. R. Civ. P. 12(b)(6-7).

## II.    FACTUAL ALLEGATIONS[1]

In 2002, Plaintiff Lisa Gardner and her husband, prior-plaintiff David Gardner, obtained title to a 38 acre undeveloped lot in Henry County, Georgia ("Undeveloped Lot") as joint tenants with right of survivorship, as evidenced by that Warranty Deed recorded in Deed Book 3896, Page 223, Henry County official records. (A certified copy of the Warranty Deed is attached hereto as Exhibit "A" and is incorporated herein by this reference.)

In 2007, Plaintiff and prior-plaintiff David Gardner obtained a $200,000 line of credit ("Loan") from BANA, and as part of the same transaction they voluntarily signed a security deed recorded in the Henry County official deed records ("Security Deed.") [Doc. 10-1; Doc. 10, ¶ 3]. (A certified copy of the Security Deed is attached hereto as Exhibit "B" and is incorporated herein by this reference.) The Security Deed provided the legal description to the Undeveloped Lot. [Ex. B].

---

[1] The factual allegations set forth below are taken as true only for purposes of this motion; Defendant does not admit them by including them here.

In 2017, Plaintiff Lisa Gardner filed Chapter 13 Bankruptcy. (Certified copies of Lisa Gardner's Chapter 7 Bankruptcy docket and petition are attached hereto as Exhibits "C," and "D," and are incorporated herein by this reference). In Schedule D (Creditors Who Have Claims Secured by Property) of the Voluntary Petition, Plaintiff Lisa Gardner swore under penalty of perjury that "Bank of America" was a secured creditor and described the property that secured the claim as "38.84 acres Henry County, Georgia". *Id* at 20. She did not list the Loan as "contingent," "unliquidated," or "disputed" in the bankruptcy filing. *Id* at 20. She also swore the Loan was "[a]n agreement you made (such as mortgage or secured car loan)." *Id* at 20. She signed the Voluntary Petition and "declare[d] under penalty of perjury that the information on this statement and in any attachments is true and correct." *Id*.

Also in 2017, prior-plaintiff David Gardner, who is a joint owner of the Undeveloped Lot, and co-borrower of the Loan, filed Chapter 7 Bankruptcy. (Certified copies of David Gardner's Chapter 7 Bankruptcy docket and petition are attached hereto as Exhibits "E," and "F," and are incorporated herein by this reference).[2] In Schedule D (Creditors Who Have Claims Secured by Property) of

---

[2] This Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting this motion into one for summary judgment. *See* Fed. R. Evid. 201; *Huff v. Macon Behavioral Health Treatment*, 2012 U.S. Dist. LEXIS 54413, at *1 n.1 (M.D. Ga. Apr. 18, 2012); *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records

the Voluntary Petition, prior-plaintiff David Gardner swore under penalty of perjury that "Bank of America" was a secured creditor and described the property that secured the claim as "Butlers Bridge Dr. McDonough, GA 30252 Henry County 38.84 acres." *Id*. at 26, 38. He also swore that the Loan was a "First Mortgage." *Id*. at 15, 26. He did not list the Loan as "contingent," "unliquidated," or "disputed" in the bankruptcy filing. *Id*. at 26. He signed the Voluntary Petition and "declare[d] under penalty of perjury that the information on this statement and in any attachments is true and correct." *Id*.

---

are among the permissible facts" of which a court may take judicial notice). The Court may also look to documents attached to the Amended Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint. *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, a court need not make this conversion when considering a document attached to the complaint if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997). In the Eleventh Circuit, this is referred to as the " 'incorporation by reference' doctrine." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also* Fed. R. Civ. P. 10(c). In addition, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999); *see also HiTech Pharm., Inc. v. HBS Int'l Corp*., 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.") (*citing Horsley*, 304 F.3d at 1134); *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

In 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].

On January 7, 2020, BANA enforced the power of sale provision in the Security Deed, and foreclosed upon the Undeveloped Lot due to the payment default ("Foreclosure Sale"). [Doc. 10, ¶ 36; Ex. B]. The Amended Complaint does not allege that, prior to the Foreclosure Sale, Plaintiff or prior-plaintiff David Gardner tendered, or offered to tender, the balance of the Loan. [Doc. 10].

On March 27, 2020, Plaintiff and prior-plaintiff David Gardner filed this lawsuit alleging that the Undeveloped Lot should not have been the collateral securing the Loan, but instead the next-door house property ("House Lot"),[3] should have been the collateral securing the Loan [Doc. 10, ¶ 5].

The Amended Complaint does not allege that Plaintiff or prior-plaintiff David Gardner filed suit to reform the legal description in the Security Deed prior to the Foreclosure Sale, filed suit to enjoin the Foreclosure Sale before it occurred, or filed a quiet title action to claim superior title to the Undeveloped Lot prior to the Foreclosure Sale. [Doc. 1-1]. Instead, Plaintiff and prior-plaintiff David Gardner's actions and the sworn bankruptcy filings make clear that the intended and understood

---

[3] Plaintiff alleges that since the 2007 BANA Loan origination, she obtained a loan on the House Lot with another lienholder, and that lienholder has since foreclosed upon the House Lot. [Doc. 10, ¶¶ 4, 6, 18].

6

collateral for the Loan was the Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. The Amended Complaint, and other sworn filings, make clear that Plaintiff and prior-plaintiff David Gardner voluntarily executed the Security Deed, and that they performed under its terms, without ever raising any issues of its validity, until after the Foreclosure Sale occurred and facing eviction. [Doc. 10].

## III.   <u>STANDARD OF REVIEW</u>

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, where a plaintiff failed to join a necessary party under Rule 19, the presiding court may dismiss the action. *See* Fed. R. Civ. P. 12(b)(7). Also, Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiffs.  *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027,1037 (11th Cir. 2008).  However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are enough to raise a right to relief above the speculative level. "[A]lthough pro se pleadings are governed by less stringent standards than pleadings prepared by

7

attorneys, pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules." *See Habib v. Bank of Am. Corp.*, 2011 WL 5239723, at *3 (N.D.Ga. 2011), adopted by 2011 WL 5239713 (N.D.Ga. 2011) (*internal citations omitted*).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations and quotations omitted*). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## IV.    <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

### A. Plaintiff Fails to Join a Necessary Party.

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, where a plaintiff failed to join a necessary party under Rule 19, the presiding court may dismiss the action. *See* Fed. R. Civ. P. 12(b)(7). Rule 19 requires that a person subject to service of process, whose joinder will not deprive the Court of subject matter jurisdiction, must be joined as a party if that person "claims an interest relating to the subject of the action" and resolution of the matter in that person's absence may "impair or impede the person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19.

Specifically regarding mortgage loans and foreclosure sales, your Honor, this Court, and other federal courts have consistently held that signatories to loan documents are necessary parties to a lawsuit contesting the same. *See, e.g., Rivers v. Bank of Am., N.A.*, No. 1:13-cv-01690-ODE-RGV, 2013 WL 12382312, at *9 (N.D. Ga. Oct. 25, 2013), report and recommendation adopted, No. 1:13-CV-1690-ODE-RGV, 2013 WL 12382332 (N.D. Ga. Dec. 16, 2013)(holding that "[t]he undersigned agrees that Tuttle, as a co-signatory to the loan and security deed, is a necessary party to this action and should have been joined as a necessary party by plaintiff.");

*In re Pullen*, 451 B.R. 206 (Bankr. N.D. Ga. 2011)(holding that a person with joint title to real property is required to be joined in an attempted wrongful foreclosure case); *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 499 (D. Md. 2007)("The Court agrees with Defendants that Vivian Johnson could at some future date pursue litigation in her own behalf that might re-subject them to liability on causes of action identical to those prosecuted in the present case. The Court further agrees that, insofar as rescission of the deed is sought, Vivian Johnson is a 'necessary' party and therefore should be joined to these proceedings as Party Plaintiff if that is feasible."); *Guth v. Texas Co.,* 155 F.2d 563 (C.C.A. 7th Cir. 1946) (one cotenant could not sue separately for damages for injury to the land without joining his cotenants because the claim was joint.)

In *Rivers v. Bank of Am., N.A*, when confronted with this issue, your Honor, Russell G. Vineyard, granted BANA's motion to dismiss and noted that:

Defendants argue that plaintiff has failed to join her co-borrower, Tuttle, to this suit, and that Tuttle is a necessary party because he has an interest in the property that may be impaired or impeded by a judgment in this case, and because defendants may be liable to double recovery or inconsistent obligations should he decide to later bring suit. See [Doc. 7-1 at 7]. The undersigned agrees that Tuttle, as a co-

10

signatory to the loan and security deed, is a necessary party to this

action and should have been joined as a necessary party by plaintiff.

See Vera v. Wells Fargo Bank, N.A., No. 2:10-cv-01568 JWS, 2011

WL 334286, at *4 (D. Ariz. Jan. 31, 2011) (finding that plaintiff's wife

was an indispensable party to breach of contract claim involving

mortgage loan where she was a co-signatory to the deed of trust that

secured the loan for the residence); Flynn v. Residential Credit

Solutions, Inc., Civil Action No. 08-40239-FDS, 2011 WL 1399774, at

*1 (D. Mass. Apr. 13, 2011) (noting court's previous order to join

plaintiff's wife as a necessary party to fraud claims related to mortgage

where she was also a signatory to the disputed mortgages and notes).

Rivers v. Bank of Am., N.A., No. 113CV01690ODERGV, 2013 WL 12382312, at *9

(N.D. Ga. Oct. 25, 2013), report and recommendation adopted, No. 1:13-CV-1690-

ODE-RGV, 2013 WL 12382332 (N.D. Ga. Dec. 16, 2013).

Here, this case requires a similar result. In March, 2020, Plaintiff and her

husband, prior-plaintiff David Gardner, filed this lawsuit alleging that the 38 acre

Undeveloped Lot should not have been the collateral securing the Loan, but instead

the next-door House Lot should have been the collateral securing the Loan [Doc. 1-

1, generally]. In May, 2020, BANA filed a Motion to Dismiss the original complaint

contending, among other things, that prior-plaintiff David Gardner's sworn and adopted bankruptcy filings, identify the Loan collateral as the 38 acre Undeveloped Lot, are judicial admissions that the Loan collateral is in-fact the 38 acre Undeveloped Lot. [Docs. 7, 7-2, 7-3]. In response to BANA's Motion to Dismiss, prior-plaintiff David Gardner was transparently voluntarily dismissed from this lawsuit, and just Plaintiff Lisa Gardner filed a First Amended Complaint. [Docs. 9, 10]. Plaintiff then field her Certificate of Interested Persons identifying "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case." [Doc. 13].

This Court should dismiss the Amended Complaint because prior-plaintiff David Gardner is a necessary party under Rule 19 to this wrongful foreclosure case seeking rescission of the foreclosure sale, damages, and cancellation of the Security Deed. [Doc. 10, generally]. *See* Fed. R. Civ. P. 12(b)(7). Prior-plaintiff David Gardner and Lisa Gardner owned the Undeveloped Lot as joint tenants with right of survivorship. [Ex. A]. The Security Deed also lists prior-plaintiff David Gardner as one of the borrowers. [Ex. B]. Prior-plaintiff David Gardner continues to have an interest in the Loan and Undeveloped Lot that may be impaired or impeded by a judgment in this case. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In fact, in her Certificate of

Interested Persons, Plaintiff identifies "Plaintiff's Husband David Gardner" as someone who has "either a financial interest in or other interest which could be substantially affected by the outcome of this particular case." [Doc. 13]. Moreover, prior-plaintiff David Gardner is a necessary party because BANA may be subject to double recovery or inconsistent obligations should he later bring suit against BANA. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Plaintiff cannot also be afforded complete relief on her claims without joinder of co-owner and co-borrower prior-plaintiff David Gardner. *See* Fed. R. Civ. P. 19(a)(1)(A).  Finally, Plaintiff has not pled any reason as to why prior-plaintiff David Gardner, who was originally a named plaintiff in this case, was voluntarily dismissed from this case, as required by Rule 19. Fed. R. Civ. P. 19(c), other than the obvious fact that his bankruptcy filings are judicial admissions that the Loan collateral is in-fact the 38 acre Undeveloped Lot. [Ex. F, p. 27].  For these reasons, the Court should dismiss the Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party under Rule 19.

B. **The Undeveloped Lot is the Collateral for the Security Deed.**

The Undeveloped Lot is the correct collateral for the Security Deed.  In 2007, Plaintiff and prior-plaintiff David Gardner obtained the Loan, and as part of the same transaction signed the Security Deed identifying the real property securing the Loan

as the Undeveloped Lot and providing the legal description for that land. [Ex. B, Doc. 10, ¶¶ 3 -5; Doc. 10-1]. Plaintiff and prior-plaintiff David Gardner do not allege that they filed suit to reform the legal description in the Security Deed or filed a quiet title action to claim superior title to the 38 acre Undeveloped Lot. [Doc. 10, generally]. Instead, the Plaintiff and prior-plaintiff David Gardner obtained the Loan funds, admittedly defaulted on the Loan's monthly payments, and then repeatedly filed for bankruptcy protection with the assistance of counsel, and under penalty of perjury, swore that BANA had an undisputed, secured loan on the "38.84 acres" Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. Due to the judicial admissions in the 2017 bankruptcy filings, that the BANA Loan was secured by the Undeveloped Lot, Plaintiff and prior-plaintiff David Gardner cannot now dispute that the Undeveloped Lot is the correct collateral for the Security Deed. [Ex. D, p. 21; Ex. F, p. 27].

Georgia Courts consistently rely on the principle that "[s]tatements in bankruptcy schedules are executed under penalty of perjury and, when offered against a debtor, are eligible for treatment as judicial admissions." *In Re: Bay Circle Properties, LLC*, No. 15-58440-WLH, 2020 WL 1671553, at *5 (Bankr. N.D. Ga. Apr. 3, 2020). "Judicial admissions are formal concessions ... that are binding upon the party making them. Such statements are proof possessing the highest probative value." *Ussery v. Allstate Fire & Cas. Ins. Co*., 150 F. Supp. 3d 1329, 1344 (M.D.

Ga. 2015) (*internal citations and punctuation omitted*). "[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id*.; *see also Versico, Inc. v. Engineered Fabrics Corp.*, 520 S.E.2d 505, 508 (Ga. Ct. App. 1999) (effect of judicial admission "is to relieve an opposing party from presenting any evidence as to that fact issue").

By not disputing the Loan in the bankruptcy filings, the Loan's existence cannot be contested now.  [Ex. D, p. 21; Ex. F, p. 27]. *See In re Ingram, No*. ADV. PRO. 07-1013, 2008 WL 7842077, at *3 (Bankr. N.D. Ga. 2008) ("The Court has previously concluded that the listing of this debt without marking the debt as contingent, unliquidated, or disputed 'constitutes a judicial admission that [the Defendants do] in fact owe a debt to' the Plaintiff. Accordingly, the Court held that, by failing to 'qualify the debt as disputed,' the Defendants 'waived the right to contest the debt's existence.' This judicial admission establishes that the Defendants are personally liable for the debt owed to the Plaintiff."); *Matter of Musgrove,* 187 B.R. 808, 812–13 (Bankr. N.D. Ga. 1995) (finding entry in debtor's schedule constitutes judicial admission and noting that by failing to qualify the schedule's description so as to include the term "disputed," the Debtor had waived the right to contest the debt's existence); *Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ-AJB, 2011 WL 13319170, at *8 (N.D. Ga. 2011) ("Defendant is listed as a

secured creditor on the debtor's schedules signed by Plaintiff as part of his bankruptcy proceedings, which constitutes a judicial admission by Plaintiff that he does in fact owe the debt to Defendant").

Moreover, due to these bankruptcy filings, BANA had standing to proceed with the Foreclosure Sale as a matter of law. *See Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ-AJB, at *8 (N.D. Ga. 2011), *adopted Jones v. Chase Home Fin., LLC*, No. 1:10-CV-2919-SCJ, 2011 WL 13319284, at *1 (N.D. Ga. 2011) (holding that "Defendant thus would have had standing to proceed with foreclosure proceedings" when the "Defendant is listed as a secured creditor on the debtor's schedules signed by Plaintiff as part of his bankruptcy proceedings, which constitutes a judicial admission by Plaintiff that he does in fact owe the debt to Defendant").

Here, the sworn bankruptcy filings, the juridical admissions, the signed Loan origination documents, and Plaintiff and prior-plaintiff David Gardner's actions (and non-actions), demonstrate that all parties intended and understood that the Undeveloped Lot is the collateral for the Security Deed. Therefore, since the Undeveloped Lot is the correct collateral for the Security Deed, this Court should grant BANA's motion to dismiss for this reason alone.

C. **Plaintiff Should be Judicially Estopped from Alleging that the Security Deed Collateral is Anything Other Than the Undeveloped Lot.**

In this case, Plaintiff should be judicially estopped from alleging that the Security Deed collateral is anything other than Undeveloped Lot in this lawsuit.

The "equitable doctrine of judicial estoppel is intended to prevent the perversion of the judicial process and protect [its] integrity by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180–81 (11th Cir. 2017); *see also IN RE: BAY CIRCLE PROPERTIES, LLC et al.*, No. 15-58440-WLH, 2020 WL 1671553, at *4 (Bankr. N.D. Ga. Apr. 3, 2020) (judicial estoppel is "intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment."). When a party changes position, "the doctrine of judicial estoppel allows a court to exercise its discretion to dismiss the party's claims." *Id*. "Stated simply, the doctrine of judicial estoppel rests on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Id.*; *see also Gichege v. Mortg. Elec. Registration Servs., Inc.*, No. 1:11-CV-2141-AT-JFK, 2012 WL 13009242, at *8 (N.D. Ga. 2012), report and recommendation adopted, No. 1:11-CV-2141-AT, 2012 WL 13012502 (N.D. Ga. 2012).

As identified in by the court in *Slater*, the Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (*quoting Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002)). In determining "whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case." *Slater*, 871 F.3d at 1185.

Here, a review of the relevant facts and background strengthens the argument for application of judicial estoppel since it is designed to prevent the very kind of disingenuous allegations at the core of this lawsuit. In 2007, Plaintiff and prior-plaintiff David Gardner obtained the Loan, and as part of the same transaction voluntarily signed the Security Deed identifying the real property securing the Loan as the Undeveloped Lot and providing the legal description for that land. [Ex. B, Doc. 10, ¶¶ 3 -5; Doc. 10-1]. The Plaintiff does not allege that she was in any way prevented from reading the Security Deed before she signed it. [Doc. 10]. Then, in 2017, both Plaintiff and prior-plaintiff David Gardner separately filed for bankruptcy protection, and stated under penalty of perjury, that BANA had an undisputed,

secure loan on the "38.84 acres" Undeveloped Lot.  [Ex. D, p. 21; Ex. F, p. 27].

These sworn bankruptcy filings, and Plaintiff's prior actions, make clear that both

Plaintiff and prior-plaintiff David Gardner intended and understood the collateral for

the loan to be the Undeveloped Lot. [Ex. D, p. 21; Ex. F, p. 27]. Only after BANA

foreclosed upon the Undeveloped Lot was this lawsuit filed alleging that the

Undeveloped Lot did not secure the BANA Loan. [Doc. 1-1].[4]

Plaintiff and prior-plaintiff David Gardner's pattern of filing multiple

bankruptcies and this lawsuit with inconsistent positions establishes that all of the

facts and circumstances surrounding their statements were calculated to make a

mockery of the judicial system. *Slater*, 871 F.3d at 1185.  The Amended Complaint,

and other sworn statements, make clear that they voluntarily executed the Security

Deed, and that they performed under its terms, without ever raising any issues of its

validity, until facing eviction. [Doc. 10]. Therefore, equity should intervene, and this

Court should judicially estopp the Plaintiff from taking an inconsistent position

---

[4] Conveniently, Plaintiff is only asserting these claims after another lienholder foreclosed on its lien attached to the House Lot and sold the House Lot to a third-party purchaser. Plaintiff obtained the other loan after the BANA loan. Therefore, if Plaintiff's position is correct, that the BANA loan was secured by the House Lot, then BANA's lien would have been superior to the other lienholder's lien and BANA would still have a lien interest in the House Lot. Plaintiff's failure to raise these claims until after foreclosure of the House Lot has, at a minimum, prejudiced BANA from being able to assert it potential senior interest in the House Lot. [Doc. 10, ¶¶ 4, 6, 18].

about what piece of collateral secured the Loan which would prejudice BANA. For this reason alone, this Court should dismiss this lawsuit with prejudice.

## D. **BANA Did Not Wrongfully Foreclose on the Undeveloped Lot.**

Plaintiff's claim that BANA wrongfully foreclosed on the Undeveloped Lot is still meritless. [Doc. 10, ¶¶ 39-53]. This claim fails as a matter of law because the Plaintiff admittedly failed to tender the amount due under the Loan, the Foreclosure Sale was lawful, and the Security Deed is not void.

### 1. Plaintiff's Admitted Failure to Tender the Amount Owed on the Loan is Fatal to The Wrongfully Foreclosure Claim.

Plaintiff's admitted failure to tender the amount owed on the Loan is fatal to the wrongful foreclosure claim. Under Georgia law, "[f]ailure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure claim, even if a plaintiff is not personally liable for the underlying indebtedness." *Heard v. GMAC Mortg., LLC*, No. 1:12-CV-4239-WSD, 2013 WL 12109765, at *5 (N.D. Ga. 2013). Thus, "to seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan." *Watkins v. Beneficial, HSBC Mortg.*, 2010 WL 4318898, at *5 (N.D. Ga. 2010); *Ceasar v. Wells Fargo Bank, N.A.*, 744 S.E.2d 369, 373 (Ga. Ct. App. 2013) ("payment or tender of the principal and interest due on their loan was a prerequisite to their claim to set aside the foreclosure sale. Since the [borrowers] admittedly fell behind on their mortgage payments, and they

did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim") (*citations omitted*).   Where a plaintiffs injury is caused by the plaintiffs own failure to pay, the plaintiff cannot recover for wrongful foreclosure. *Powell v. Bank of Am., N.A,* No. 1:13-CV-03049-RWS, 2014 WL 2118821, at *3 (N.D. Ga. 2014) ("Failure to make the proper loan payments defeats any wrongful foreclosure claim"); *Harvey v. Deutsche Bank Nat'l Trust Co., No.* 1:12-CV-1612-RWS, 2012 WL 3516477, at *2 (N.D. Ga. 2012).

In fact, just last month the Eleventh Circuit affirmed this Court's ruling that "[i]n order to show the injury was caused by the breach of duty and not [his] own acts or omission, [the plaintiff] must not be in default on [his] mortgage. The complaint does not allege[ ] that [the plaintiff] has made [all of his] mortgage payments or that he tendered any amount owed under the loan." *Brown v. U.S. Bank Nat'l Assoc*. No. 319CV00001TCBRGV, 2019 WL 5322851, at *11 (N.D. Ga. 2019), report and recommendation adopted sub nom. *Brown v. U.S. Bank Nat'l Assoc*., No. 3:19-CV-1-TCB, 2019 WL 5388000 (N.D. Ga. 2019), aff'd, No. 19-13825, 2020 WL 1873300 (11th Cir. 2020).

In this case, in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].  The Amended Complaint does not allege that prior to the Foreclosure Sale, Plaintiff tendered, or offered to tender, the

balance of the Loan. [Doc. 10]. Here, any purported damages stem directly from the non-payment under the terms of the Loan, not any alleged misconduct of BANA. Therefore, Plaintiff's claim for wrongful foreclosure should be dismissed with prejudice as a matter of law for this reason alone.

    2. <u>The Foreclosure Sale Was Lawful.</u>

Plaintiff's allegation that the Foreclosure Sale was wrongful because BANA foreclosed upon the Undeveloped Lot is still meritless. [Doc. 10, ¶¶ 39-53]. In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish: (1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury plaintiff sustained; and (4) damages. *Mei Kuan Chen v. Wells Fargo Bank.* N.A., No. 1:13-CV-3037-TWT, 2014 WL 806916, at *2 (N.D. Ga. 2014) (*quoting Racette v. BANA*, 318 Ga App. 171,174, 733 S.E.2d 457 (2012)).

Moreover, a foreclosing party's legal duties are fairly limited:  "In exercising a power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the ***terms of the instrument*** and to conduct the sale in good faith."  *Rapps v. Cooke,* 246 Ga. App. 251, 253, 540 S.E.2d 241, 243 (2000) (*emphasis added*); *McCarter v. Bankers Trust Co.,* 247 Ga. App. 129, 132 (2000); *Ceasar v. Wells Fargo Bank, N.*A., 322 Ga. App. 529, 532, 744 S.E.2d 369, 373,

adopted sub nom. *Ceasar v. Wells Fargo Bank* (Ga. State Ct. 2013); *Kennedy v. Gwinnett Commercial Bank*, 155 Ga.App. 327, 330(1), 270 S.E.2d 867 (1980).

Here, all allegations show that BANA conducted the Foreclosure Sale in good faith. Plaintiff voluntarily signed the Security Deed recorded in the Henry County official deed records. [Doc. 10-1; Doc. 10 ¶¶ 3-5; Ex. B]. The Plaintiff does not allege that she was in any way prevented from reading the Security Deed before she executed it. [Doc. 10, generally]. The Security Deed identified the real property securing the Loan as the Undeveloped Lot. [Doc. 10-1; Ex. B]. BANA foreclosed upon the Undeveloped Lot in accordance to the terms of the Security Deed. [Ex. B]. The Amended Complaint does not allege that Plaintiff filed suit to reform the legal description in the Security Deed prior to the Foreclosure Sale, filed suit to enjoin the Foreclosure Sale before it occurred, or filed a quiet title action to claim superior title to the Undeveloped Lot prior to the Foreclosure Sale. [Doc. 10, generally]. Nor does the Plaintiff allege that the price realized at the Foreclosure Sale was grossly inadequate. [*Id.*]. Therefore, because BANA had the right to foreclose on the Undeveloped Lot as a matter of law, this Amended Complaint and Plaintiff's theories are merely an attempt to avoid Plaintiff's contractual obligations and the lawful Foreclosure Sale.

Additionally, Plaintiff failed to allege a causal connection between any breach and the damages she allegedly sustained. In order to show the injury was caused by the breach of duty and not the own acts or omission, Plaintiff must not be in default on the mortgage. *See Brown v. U.S. Bank Nat'l Assoc.*, 2019 WL 5322851, at *11 (N.D. Ga. 2019), aff'd, No. 19-13825, 2020 WL 1873300 (11th Cir., 2020) ("First, Brown has failed to allege a causal connection between any breach and the damages he allegedly sustained. Indeed, [i]n order to show the injury was caused by the breach of duty and not [his] own acts or omission, [Brown] must not be in default on [his] mortgage. The complaint does not allege[ ] that [Brown] has made [all of his] mortgage payments or that he tendered any amount owed under the loan."); *Grant v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-CV-133-RWS-ECS, 2014 WL 12115971, at *7–8 (N.D. Ga. May 30, 2014) ("To the extent Plaintiff's alleged damages were caused by the foreclosure sale itself, such would not sustain a claim for wrongful foreclosure in this case because the foreclosure sale was attributable to Mr. Michael's default on the loan. Accordingly, Plaintiff's claim for damages under the tort of wrongful foreclosure should be dismissed.").

Here, in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].  The Amended Complaint does not allege that prior to the Foreclosure Sale, Plaintiff tendered, or offered to tender, the balance of

the Loan. [Doc. 10].    Thus, any purported damages stem directly from the non-payment under the terms of the Loan, not the Foreclosure Sale.  Therefore, Plaintiff's claim for wrongful foreclosure should be dismissed with prejudice as a matter of law.

### 3.  The Security Deed Is Not Void.

Plaintiff's allegation that the Security Deed is void because the "property address and the property description are in conflict" is still meritless. [Doc. 10, ¶ 10]. This argument is contrary to applicable law since a street address in the security deed is a location, not a description, and inadequate to describe collateral securing a loan with sufficient certainty. *See In re Turner,* No. 1:15-CV-0359-AT, 2015 WL 10550965, at *2 (N.D. Ga. 2015) ("Here, the street address in the Security Deed is inadequate, standing alone, to describe the Property with sufficient certainty… property descriptions must typically provide the quantity and location of the land at issue – something that a simple street address does not do.") (*internal citations omitted*); *Bollers v. Noir Enterprises, Inc.*, 677 S.E.2d 338, 344 (Ga. Ct. App. 2009) ("a street address alone does not provide an adequate description of property for the purposes of a legal document."). When applying these principles, the law states that:

> A street address is a location, not a description. It may designate
> the location of a house situated on a small city-lot or on hundreds
> of rural acres. A street address directs where mail is to be
> delivered, where to respond to 911–calls or other emergencies,

> and provides visitors with a destination, but it does not describe
> a quantity of property as does a legal description. After reviewing
> Georgia case law, and that of other states on this subject, the
> Court concludes that historically real property has not been
> conveyed or encumbered by mere street address; legal
> descriptions, whether metes-and-bounds or recorded plat, or
> reference to previously recorded instruments containing legal
> descriptions, are universally utilized in instruments intended for
> recordation, and such descriptions are justifiably the primary
> focus of persons searching titles in public records.

*In re Hill*, No. 08-11774, 2010 WL 3927060, at *7 (Bankr. S.D. Ga. 2010).

This Court has also applied these principles in the foreclosure context and held that "Georgia law provides that even if the street address listed on the foreclosure is incorrect, that does not render the foreclosure invalid." *Cummings v. Mortg. Elec. Registration Sys., Inc.*, No. 1:13-CV-3302-TWT, 2014 WL 3767797, at *6 (N.D. Ga. 2014).

In this case, Plaintiff's argument that the "property address and the property description are in conflict" is a contrary to applicable law since the cases cited above show that the mailing address is superfluous and has no relation to the description required for a legal document. Therefore, BANA's foreclosure on the Undeveloped Lot was proper as a matter of law, and the Security Deed is not void. [Doc. 10, ¶ 10].

E. **The Amended Complaint Still Fails to State a Claim for Injunctive Relief.**

In the Amended Complaint, Plaintiff again requests a temporary restraining order preventing BANA from selling the Undeveloped Lot or evicting the Plaintiff

from the Undeveloped Lot. [Doc. 10, ¶¶ 54-58]. Plaintiff's request should be denied since the Plaintiff has not demonstrated the necessary elements for injunctive relief.

It is settled law in this Circuit that an injunction is an "extraordinary and drastic remedy." *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1246-47 (11th Cir. 2002).

Plaintiff fails to make such a showing here – particularly, for the reasons stated herein, in regards to a substantial likelihood of success on the merits – and accordingly an injunction is inappropriate. *Lacosta v. McCalla Raymer, LLC*, 2011 U.S. Dist. LEXIS 5168, 4-5 (N.D. Ga. Jan. 18, 2011). Plaintiff's bald claims simply do not demonstrate a "substantial likelihood of success on the merits" or any of the other elements of injunctive relief. *See Johnson & Johnson Vision Care, Inc*., 299 F.3d 1242 (11th Cir. 2002). Thus, this request should be denied.

Moreover, Federal Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Lacosta*, 2011 U.S. Dist. LEXIS 5168 at 4-5.  Plaintiff has still made no offer to tender any security to obtain injunctive relief.  [Doc. 10, generally].  Plaintiff challenges the Security Deed, and the Foreclosure Sale, but she did not allege that she is ready, willing, and able to tender the full amount due. In fact in 2018, the Loan was in "serious default because the required payments have not been made." [Doc. 10-2].  Absent tender as required by applicable law, Plaintiff's injunctive relief allegations fail as a matter of law.

## F. <u>The Amended Complaint Still Fails To State A Claim For Damages and Attorney's Fees.</u>

Plaintiff is still not entitled to recover any damages. [Doc. 10, ¶¶ 59-63]. Plaintiff is not entitled to compensatory damages since, as stated supra, all of the substantive claims fail as a matter of law. Plaintiff is also not entitled to recover punitive damages. It is well-settled that punitive damages cannot be awarded in the absence of any finding of compensatory damages. *See Clark v. PNC Bank, N.A.*, 2014 WL 359932, at *8 (N.D. Ga. 2014); *Haynes v. Cyberonics, Inc.*, No. 1:09-CV-2700-JEC, 2011 WL 3903238, at *11 (N.D. Ga. 2011) (dismissing claim for punitive

damages because it was derivative of tort claims, which were dismissed); *Green v. Home Depot U.S.A., Inc.*, 277 Ga. App. 779, 783, 627 S.E.2d 836, 839 (2006) ("Since [the plaintiff] cannot recover on his underlying tort claims as a matter of law, there can be no punitive damages thereon.").

Here, Plaintiff does not provide any facts about any action by BANA that demonstrates willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care.  As such, Plaintiff fails to make a threshold showing that she is entitled to punitive damages. Because Plaintiff's substantive claims fail (as set forth throughout this Memorandum of Law), Plaintiff cannot recover damages in this action.  *Id.* Finally, to the extent Plaintiff is alleging claims for attorney's fees, an award of attorney's fees is derivative of whether the Plaintiff prevails on her substantive claims.  *See J. Andrew Lunsford Properties, LLC v. Davis,* 257 Ga. App. 720, 722 (2002).  Because Plaintiff's substantive claims must be dismissed for failure to state a claim as a matter of law, the derivative claim for attorney's fees also must be dismissed.

Absent tender as required by applicable law, Plaintiff's injunctive relief allegations fail as a matter of law.

## G. **BANA Did Not Violate The Fair Credit Reporting Act.**

### 1. Fair Credit Reporting Act Standards.

In general, the Fair Credit Reporting Act ("FCRA") was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevance, and proper utilization of such information." 15 U.S.C. § 1681(b).

In this case, Plaintiff has alleged that BANA is a furnisher of information to customer reporting agencies ("CRA") regarding the Loan. [Doc. 10, ¶65]. The FCRA imposes two distinct duties upon furnishers: first, furnishers have a duty to provide accurate information to CRAs; and second, furnishers must investigate information disputed by a consumer after receiving notice of a dispute from a CRA. *See* 15 U.S.C. § 1681s- 2(a) and (b). A consumer's right to bring a lawsuit against a furnisher under section 1681s-2(b) arises only if, after receiving notice of the consumer's dispute from a CRA, the furnisher fails to "follow reasonable procedures to ensure the accuracy of a credit report." *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009); 15 U.S.C. § 1681s-2(b)(1)(A). This subsection, however, does not qualify the nature and extent of the "investigation" the furnisher must conduct. Courts in this district have held that a "furnisher of information is entitled to

30

summary judgment if it conducts a *reasonable* investigation…." *Ware v. Bank of Am. Corp.*, 9 F. Supp. 3d 1329, 1338 (N.D. Ga. 2014); *Howard v. Pinnacle Credit Servs., LLC*, No. 4:09-cv-85, 2010 WL 2600753, *3 (M.D. Ga. 2010); *Hinkle v. Midland Credit Mgmt., Inc*., 2016 WL 3672112, slip op. 5 (11th Cir. 2016). "An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate. The investigation must only be procedurally reasonable." *Boyd v. Wells Fargo Bank, N.A.*, No. 2:15-CV-2, 2016 WL 7323293, at *6 (S.D. Ga. 2016), aff'd sub nom. *Boyd v. Experian Info. Sols., Inc.*, No. 17-10166, 2017 WL 2471219 (11th Cir. 2017) (*internal citations and quotations omitte*d). "The burden of showing the investigation was unreasonable is on the plaintiff." *Ware v. Bank of Am. Corp*., 9 F. Supp. 3d 1329, 1338–39 (N.D. Ga. 2014).

2. <u>Plaintiff's Loan Was Reporting Accurately.</u>

Plaintiff's failure to establish that the reporting was inaccurate defeats Plaintiff's FCRA claim as a matter of law.

In "order to establish a violation of Section 1681i, Plaintiff must also prove inaccuracy." *Carlisle v. Nat'l Commercial Servs., Inc*., No. 1:14-CV-515-TWT-LTW, 2016 WL 4544368, at *7 (N.D. Ga. 2016). The Eleventh Circuit has held that the text of § 1681e(b) "implicitly requires that a consumer must present evidence

tending to show that a [CRA] prepared a report containing 'inaccurate' information" in order to sustain a claim." *Farmer v. Phillips Agency, In*c., 285 F.R.D. 688, 698 (N.D. Ga. 2012) *citing Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991) If the consumer presents no such evidence, there is no need to "inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Id.* Thus, "[t]o establish a prima facie violation of § 1681e(b), a consumer must present evidence that a credit reporting agency's report was inaccurate." *Jackson v. Equifax Info. Servs.,* 167 Fed.Appx. 144, 146 (11th Cir. 2006); *Enwonwu v. Trans Union, LLC*, 164 Fed.Appx. 914, 918 (11th Cir.2006).

Here, Plaintiff has failed to prove an inaccuracy as required by the FCRA. Plaintiff alleges that BANA's reporting of the Loan as "Foreclosure Initiated" was inaccurate. [Doc. 10, ¶ 66]. This claim is meritless.  Firstly, Plaintiff failed to allege the date that she ran her credit or provide a copy of the alleged credit report. [Doc. 10, ¶¶ 64-75]. Secondly, the Plaintiff failed to attach any of the alleged credit dispute letters to her Amended Complaint. [Doc. 10, generally]. Thirdly, a review of the Amended Complaint clearly show that due to the Plaintiff's admitted Loan payment default, a foreclosure sale was initiated. [Doc. 10, ¶ 17, 36; Doc. 10-2].  Finally, Plaintiff does not provide any factual support or explanation for her allegation that

the alleged Loan credit reporting was inaccurate. For these reasons, Plaintiff's FCRA claim should be dismissed as a matter of law.

3. The FCRA Claim Is Not The Appropriate Method To Challenge The Foreclosure Sale.

Plaintiff's FCRA claim also fails as matter of law because the Plaintiff's real dispute concerns the legal validity of the Foreclosure Sale. [Doc. 10, ¶¶ 64-75]. The FCRA does not require credit furnishers, such as BANA, to make legal determinations on the status of debt. *See Johnson v. Trans Union, LLC*, No. 10-C-6960, 2012 WL 983793, at *7 (N.D. Ill. Mar 22, 2012), *aff'd*, 524 Fed. App'x. 268 (7th Cir. 2013) (holding that FCRA litigation is not a proper method to resolve a dispute over legal status of a debt). Indeed, the determination of whether a debt is owed for purposes of accurate credit reporting is a pure legal question that the FCRA does not reach. *See Chiang v. Verizon New England Inc.,* 595 F.3d 26 (1st Cir. 2010) (a plaintiff's required showing under § 1681s-2(b) is factual inaccuracy, rather than the existence of disputed legal questions, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir.2010) (Ninth Circuit concluded that § 1681i claims for failure to reinvestigate are not the

proper vehicle for collaterally attacking the legal validity of a credit card debt); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

Since BANA's reporting to the CRAs involves a legal determination of the status of the Loan, the real property securing the same, and the validity of the Foreclosure Sale, it cannot form the basis for a claimed violation of the FCRA, and the FCRA claim must be dismissed as a matter of law.

4. <u>Plaintiff Has Failed to Allege That BANA Conducted a Reasonable Investigation.</u>

Aside from formulaic recitations and legal conclusions, Plaintiff's Amended Complaint is devoid of any facts regarding either what was actually communicated to BANA by the CRAs or BANA's investigation procedures. [Doc. 10, ¶¶ 64-75]. Moreover, the Amended Complaint provides no information as to how such investigation was purportedly unreasonable. *Id*.

Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support this claim. *Id*. This is not enough. Merely parroting the elements of a FCRA claim is insufficient. *See, e.g., Peart v. Shippie*, 345 F. Appx 384, 386 (11th Cir. 2009) (concluding the plaintiff's complaint failed to state a FCRA claim because the plaintiff did not allege that the furnisher of information failed to conduct an investigation into plaintiff's credit history after being notified of a dispute

by a CRA); *Eisberner v. Discover Products, Inc.,* 921 F.Supp.2d 946, 949 (E.D. Wis. 2013) (FCRA claim dismissed on the grounds that the "complaint contained no factual allegations about defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations was another bare legal conclusion.").

In this case, Plaintiff has failed to allege any specific facts regarding alleged shortcomings in the communications from the CRAs or in BANA's investigative procedures.   Without alleging such facts the classic "unadorned, the defendant unlawfully harmed me accusation" is insufficient to state a claim.   *Tshai Budhi v. BAC Home Loans Servicing, L.P.,* No. 1:11-cv-2785, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   Again, Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support the claim.   Plaintiff has failed to allege that BANA's investigation was unreasonable. Plaintiff has also failed to show any actual inaccuracies that BANA could have found through conducting a reasonable investigation. Plaintiff has presented no allegations that the procedures employed by BANA to investigate the reported dispute was in any respect unreasonable. Thus, because Plaintiff has failed to set forth sufficient allegations to establish that BANA failed to conduct a

reasonable investigation, or any facts regarding BANA's investigative procedures, this Motion to Dismiss must be granted.

     5.  <u>Plaintiff Has Failed To Adequately Allege FCRA Causation.</u>

Plaintiff has also failed to adequately alleged FCRA causation. [Doc. 10, ¶¶ 64-75]. In the Amended Complaint, Plaintiff admits that "she has been in the mist of economic hardship for some time now …", that she obtained another loan from another entity and that loan was recently foreclosed upon, and that she defaulted on this Loan's monthly payments. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2]. Plaintiff failed to allege the date that she ran her credit or provide a copy of the alleged credit report. [Doc. 10, ¶¶ 64-75]. Plaintiff failed to attach any of the alleged credit dispute letters to her Amended Complaint. [Doc. 10, generally]. There is also no allegation that Plaintiff has applied for credit and been denied any credit on the basis of any purported BANA inaccuracies. *See Cahlin*, 936 F.2d at 1160-61 (holding that there must be a causal connection, beyond plaintiff's bare allegations, that there was a denial of credit related to the erroneous report). Plaintiff's alleged injuries were a result of her "economic hardship" and her various loan defaults and subsequent foreclosure sales, and not a result of the Loan's credit reporting. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2]. As a result, Plaintiff has failed to establish a sufficient causal connection between the reporting, failure to investigate, or failure to correct

Plaintiff's credit information that was a substantial factor in causing any alleged injuries.  Thus, Plaintiff has failed to state a claim for a willful or negligent violation under FCRA as a matter of law.  Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and this count of the Amended Complaint must be dismissed as a matter of law.

6.  The Allegations in the Amended Complaint Do Not Support a Claim for Willful Or Negligent Violation of the FCRA.

Finally, a plaintiff claiming a willful violation of § 1681s-2(b), under 15 U.S.C. § 1681n, must present evidence that the furnisher acted either in knowing violation of the statute or operated under standard procedures or practices that showed a "reckless disregard" of its obligations under § 1681-s(b)(2). *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2208-09, 2215, 167 L.Ed.2d 1045 (2007); *see also, Llewellyn v. Allstate Home Loans*, Inc., 711 F.3d 1173, 1184-85 (10th Cir. 2013) (affirming summary judgment to Ocwen on claim for willful violation of FCRA when the plaintiff presented no evidence of a standard practice rising to the level of recklessness).

Here, the Amended Complaint asserts no facts that would support a finding of maliciousness or willful misconduct sufficient to justify a punitive damages award, under either state law or the FCRA. [Doc. 10].  The Amended Complaint

makes clear that Plaintiff voluntarily signed the security deed, voluntarily obtained the loan funds, voluntarily default on the loan, the security deed was foreclosed upon, and then once facing eviction filed this frivolous dispute of the Loan's reporting.  [Doc. 10, generally].

Therefore, the only remaining cause of action before this Court as to BANA is Plaintiff's negligent violation of the FCRA claim. [Doc. 10.] Recovery for a negligence claim is limited to the amount of actual damages plus attorneys' fees and costs.  15 U.S.C. § 1681o. *Moore v. Equifax Info. Servs.,*   333 F. Supp.2d 1360 (N.D. Ga. 2004); *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118 (11th Cir. 2006).  To prevail on a FCRA claim based on negligence, a plaintiff must show: (1) that she suffered injury; and (2) that the injury was caused by the inclusion of inaccurate information in his credit report.  *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160-1161 (11th Cir. 1991). Sufficient allegations of causation and damages are necessary to state a viable claim for a violation of FCRA.  *Ray v. Equifax Information Solutions, Inc.*, 327 Fed. Appx 819, 826 (11th Cir. 2009).  Thus, if a plaintiff can demonstrate a negligent violation of the FCRA, he must prove actual damages to recover under 15 U.S.C. § 1681o.  *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (affirming summary judgment and

holding that plaintiff's failure to produce evidence of damage resulting from a FCRA violation mandates summary judgment).

As detailed above, BANA did not act negligently with regard to its FCRA investigation obligations. A review of the Amended Complaint clearly show that due to the Plaintiff's admitted Loan payment default, a foreclosure was initiated. [Doc. 10, ¶ 17, 36; Doc. 10-2].  Also, in the Amended Complaint, Plaintiff admits that "she has been in the mist of economic hardship for some time now …", that she obtained another loan from another entity and that loan was recently foreclosed upon, and that she defaulted on this Loan's monthly payments. [Doc. 10, ¶¶ 4, 6, 17, 19; Doc. 10-2].  Plaintiff failed to allege the date that she ran her credit or provide a copy of the alleged credit report. [Doc. 10, ¶¶ 64-75]. There is also no allegation that Plaintiff has applied for credit and been denied any credit on the basis of any purported BANA inaccuracies.  Therefore, has failed to properly allege damages or causation due to the Loan's credit reporting, and has therefore failed to establish, as a matter of law, a claim for negligent violation of the FCRA.

## V.   <u>CONCLUSION</u>

For the reasons stated above, the Court should grant BANA's Motion to Dismiss and dismiss this lawsuit with prejudice since Plaintiff's claims all fail as a matter of law.

This 3rd day of June, 2020.

/s/ Allison Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA GARDNER,                          )
                                       )
        Plaintiff,                     )
                                       )        CIVIL ACTION FILE
v.                                     )        NO. 1:20-cv-01843-WMR-RGV
                                       )
BANK OF AMERICA, N.A.,                 )
                                       )
                                       )
        Defendant.                     )
_____)

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on the undersigned date, I electronically filed the

foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S***

***MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT*** with

the Clerk of the Court using the CM/ECF System, which will electronically deliver

a copy to counsel of record, and served a true and correct copy of same on the

undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Orion Webb, Esq.
Smith Welch Webb & White LLC
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

41

This 3rd day of June, 2020.

/s/ Allison Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Attorneys for Defendant*